NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| MARIJAN CVJETICANIN, | : | CIV. NO. 20-2175 (RMB) |
| Petitioner | : | |
| v. | : | **OPINION** |
| WARDEN, FT. DIX, | : | |
| Respondent | : | |

This matter comes before the Court upon the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Marijan Cvjeticanin ("Petitioner"), a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey. ("FCI Fort Dix.") Petitioner alleges his actual innocence of mail fraud and seeks to vacate his conviction and sentence in United States v. Cvjeticanin, 3:14-CR-00274(MAS) (Judgment, Dkt. No. 106).[1] (Pet., Dkt. No. 1.) Pursuant to Habeas Rules 1 (scope of the Rules) and 4 (preliminary review), the Court must promptly examine the petition and dismiss it, if it plainly appears from the petition that the petitioner is not entitled to relief. The Court lacks jurisdiction under 28 U.S.C. § 2241, and will transfer the petition to the sentencing court for consideration under 28 U.S.C. § 2255.

---

[1] Available at www.pacer.gov (Public Access to Court Electronic Records).

I.   BACKGROUND

On February 23, 2016, judgment was entered against Petitioner in the United States District Court, District of New Jersey, for mail fraud in violation of 18 U.S.C. §§ 1341, 1342. Cvjeticanin, 3:14-CR-00274(MAS) (D.N.J.) (Judgment, Dkt. No. 106). The Honorable Michael A. Shipp sentenced Petitioner to a total term of imprisonment of 57 months, with three years of supervised release. Id. An Amended Judgment was entered on March 29, 2016, amending only the order of restitution. Id. (Amended Judgment, Dkt No. 122.) Petitioner appealed to the Third Circuit Court of Appeals, which affirmed his conviction and sentence on July 21, 2017. Id. (Mandate, Dkt. No. 141.) On March 6, 2019, the District Court denied a series of post-trial motions filed by Petitioner. Id. (Order, Dkt. No. 163.) Petitioner appealed, and the Third Circuit affirmed the March 5, 2019 District Court Order on November 21, 2019. Id. (Judgment of USCA, Dkt. No. 166.) On January 1, 2019, Petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Cvjeticanin v. United States, 3:19-cv-00549-MAS (D.N.J.) (2255 Mot., Dkt. No. 1.)[2]

II.  DISCUSSION

   A.   The Petition

Petitioner acknowledges that his motion to vacate under 28

---

[2]  Available at www.pacer.gov.

U.S.C. § 2255, wherein he raised 75 grounds for relief, remains pending before his sentencing court. (Pet. ¶10, Dkt. No. 1.) Petitioner alleges jurisdiction under 28 U.S.C. § 2241 based on his argument that 28 U.S.C. § 2255 is inadequate or ineffective to challenge his conviction or sentence because "serious constitutional violations caused a miscarriage of justice, a colorable showing of actual innocence excuses any procedural bars, including pending or Denied Section 2255 motions[.]" (Id., ¶10(c)).

Petitioner presents four grounds for relief, which he asserts he could not present in earlier proceedings "due to the discovery of new evidence, outrageous government misconduct, and structurally ineffective assistance of counsel. (Pet. ¶14, Dkt. No. 1). His four grounds for relief are: 1) based on newly discovered evidence, Petitioner is actually innocent of the crime charged, and his conviction and sentence violate In Re Winship Standard 25 L. Ed. 2d 368 (1970); 2) U.S. District Court lacked jurisdiction for Broadridge Counts; 3) newly discovered evidence of witness perjury; and 4) Government's knowing introduction and solicitation of perjury.

B.   Jurisdiction under 28 U.S.C. § 2241

"[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017).

"[A federal prisoner may resort to § 2241 only if he can establish that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." Id. (quoting 28 U.S.C. § 2255(e)) (additional citations omitted)). The Third Circuit

> permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. [U.S. v.] Tyler, 732 F.3d [241,] 246 [3d Cir. 2012] (quoting [In re] Dorsainvil, 119 F.3d [245,] 252 [3d Cir. 1997)]). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Id. Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

Petitioner's grounds for relief do not rely on a theory of actual innocence based on an intervening Supreme Court decision that interprets a statute in a manner that renders Petitioner's conduct of conviction no longer criminal. Instead, he relies on a freestanding claim of actual innocence, which the Supreme Court has not found cognizable in a habeas petition. McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing

<u>Herrera v. Collins</u>, 506 U.S. 390, 400 (1993)). Petitioner might, however, still bring these claims in his pending motion under 28 U.S.C. § 2255.

III. CONCLUSION

For the reasons discussed above, the Court will transfer the petition to Petitioner's sentencing court, pursuant to 28 U.S.C. § 1631, transfer to cure want of jurisdiction. The sentencing court may consider the petition as a motion to amend Petitioner's pending motion under 28 U.S.C. § 2255.

Date: January 4, 2021

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**